**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30033 |
| Plaintiff - Appellee, | D.C. No. 2:00-cr-00272-JCC |
| v. |  |
| JOSEPH JAMES, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 17, 2012[**]

Before:    LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Joseph James appeals from the 30-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand based on intervening authority.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. Appellant. P. 34(a)(2).

James contends that the district court procedurally erred by failing to exercise its discretion in imposing the above-Guidelines sentence without considering James's individualized circumstances. The record does not support this contention.

However, after James's sentencing, the Supreme Court issued *Tapia v. United States*, 131 S. Ct 2382, 2389 (2011). In reliance on that decision, we then held that "prison, whether as an initial sentence or on revocation of supervised release, can be imposed and the duration selected only for purposes of retribution, deterrence, and incapacitation, not rehabilitation." *United States v. Grant*, No. 10-10245, 2011 WL 6016182 at *5 (9th Cir. Dec. 5, 2011). Because we cannot ascertain on the record before us whether the district court based its sentence in part on James's need for rehabilitation (and a longer sentence in order to qualify him for intensive drug abuse treatment), and the district did not have the benefit of *Tapia* and *Grant*, we vacate and remand for resentencing.

**VACATED AND REMANDED.**